UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MORGAN B. BROWN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:14-cv-723-JMS-DKL |
| ) | |
| SUPERINTENDENT OF PLAINFIELD, ) | |
| CORRECTIONAL, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Morgan Brown for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 13-12-0099. For the reasons explained in this Entry, Mr. Brown's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

### B. The Disciplinary Hearing

On December 8, 2013, Officer K. Groce wrote a Report of Conduct in case IYC 13-12-0099 charging Brown with engaging in an unauthorized financial transaction. The Report of Conduct states:

> On 12-8-2013 while reviewing recorded offender phone conversation, I Officer K. Groce did clearly hear Offender, Brown, Morgan #221173 of Housing Unit North C2-11U arranging for multiple unauthorized transactions. On 12-7-2013 during two (2) different conversations with a female person called at phone number 765-228-8342, Offender Brown told her he need those things in the amounts of $60, $50, $20, $25 and attempted to get her to add another $20 as well. In the second call Offender Brown told the female person that someone would be calling and give them the information for the $20 one only. The female person stated "she would, once she got them and scratch off the back." Again he tried to get her to up the amounts for an additional $20.00, she told she could not afford it because each card costs $5 to purchase. She stated she would do what she agreed to, and would try, but probably would not be able to any more.

On December 9, 2013, Brown was notified of the charge of engaging in an unauthorized financial transaction and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Brown was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He did not request any witnesses, but did request a recording of the phone call as physical evidence.

The hearing officer conducted a disciplinary hearing in IYC 13-12-0099 on December 15, 2013, and found Brown guilty of the charge of engaging in an unauthorized financial transaction. In making this determination, the hearing officer considered the offender's statements, staff reports, and the audio recording of the phone calls. The hearing officer recommended and approved the following sanctions: a 90 day deprivation of earned credit time, and a demotion from credit class I to credit class II.

Brown's appeals were denied and he filed the present petition for a writ of habeas corpus.

### C. Analysis

In support of his habeas petition, Brown argues that he was not given the physical evidence he requested and that Department of Correction ("DOC") policy was violated.

#### 1. *Requested Evidence*

Brown argues that the audio recording of the phone call at issue was not presented at his hearing. Among the basic requirements of due process in a prison disciplinary proceeding is the opportunity for the inmate to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 566. Here, the recording was presented at the hearing. The Report of Conduct details what was in the recording and the hearing officer indicated on the Report of Disciplinary Hearing that he considered and relied on the recording to make the determination of guilt. Prohibiting Mr. Brown from listening to the recording did not violate due process because the recording is not exculpatory and a written report of the content of the recording was provided to him. *See Estrada v. Holinka*, 420 F. App'x 602, 604 (7th Cir. 2011) (citing *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007).

#### 2. *Violation of DOC Policy*

Brown goes on to argue generally that the Disciplinary Code for Adult Offenders was violated in the course of the proceedings against him. But Brown makes no specific claims regarding alleged violations of this policy. Further, a state policy violation does not demonstrate a violation of due process. *See Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *see also Estelle v. McGuire*, 502 U.S. 62 (1991) (state law violations do not entitle prisoners to habeas relief).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Brown's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _November 2, 2015_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Morgan B. Brown
221173
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

All electronically registered counsel